IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 19, 2021

FILED
02/25/2021
Clerk of the
Appellate Courts

## JENNIFER SUSAN BENNETT v. DUNCAN GEOFFREY BENNETT

**Appeal from the Chancery Court for McMinn County**
**No. 2013-CV-189  Jerri Bryant, Chancellor**

———————————————————

## No. E2020-00634-COA-R3-CV

———————————————————

Because a motion for attorney's fees and for a timeline within which to pay a court ordered arrearage remain pending, the order appealed from does not constitute a final appealable judgment, and this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; D. MICHAEL SWINEY, C.J.; AND THOMAS R. FRIERSON, II, J.

Howard Luxon Upchurch, Pikeville, Tennessee, for the appellant, Duncan Geoffrey Bennett.

Matthew C. Rogers, Athens, Tennessee, for the appellee, Jennifer S. Bennett.

### MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant, Duncan Geoffrey Bennett, to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Appellant failed to respond to our show cause order.

The notice of appeal filed by appellant states that appellant is appealing the Trial Court's March 25, 2020[2] order. In its memorandum opinion incorporated into the March 24, 2020 order by reference, the Trial Court instructed that a motion should be filed with regard to a request for an award of attorney's fees. The record reveals that on April 20, 2020, the appellee, Jennifer Susan Bennett, filed in the Trial Court a motion for attorney's fees and for a timeline for the appellant to pay the court ordered arrearage. The record fails to contain an order addressing these motions. As such, the order from which the appellant seeks review is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a); *see, e.g.*, *E. Solutions for Buildings, LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *4 (Tenn. Ct. App. April 17, 2018), *appl. perm. appeal denied Aug. 9, 2018* (finding that order directing parties to re-submit requests for attorney's fees after appeal was "improvidently certified as final," and holding that because trial court did not dispose fully and finally of claim for attorney's fees, this Court lacked jurisdiction); *City of Jackson v. Hersh*, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *4 (Tenn. Ct. App. Aug. 25, 2009), *no appl. perm. appeal filed* ("This Court has concluded on several occasions that an order that fails to address an outstanding request for attorney's fees is not final."); *Scott v. Noland Co.*, No. 03A01-9407-CV-00248, 1995 WL 11177, at *1 (Tenn. Ct. App. Jan. 12, 1995), *no appl. perm. appeal filed* ("Since there is no order in the record before us finally disposing of the Plaintiffs' claim for attorney fees at the trial level, the 'Final Judgment' from which this appeal is being pursued is not a final order and hence not appealable as of right under Tenn. R. App. P. 3(a)." (footnote omitted)).

Because it is clear that there is no final judgment in this case, the appeal is dismissed. Costs on appeal are taxed to the appellant, Duncan Geoffrey Bennett, for which execution may issue.

**PER CURIAM**

---

[2] The order was actually entered on March 24, 2020. The record contains no orders entered on March 25, 2020.